IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00692-MOC-SCR

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JOHN DOE, subscriber assigned IP address, 172.73.206.20.** | ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference." (Doc. No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). For the reasons below, the Motion is granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Strike 3 Holdings, LLC alleges copyright infringement against John Doe, an unnamed defendant, for copyright infringement. (Doc. No. 1). Plaintiff now moves for leave to serve a pre-discovery subpoena on Doe's internet service provider ("ISP"), Spectrum, to learn Doe's identity. (Doc. No. 5).

### II. ANALYSIS

The Federal Rules of Civil Procedure generally preclude a party from pursuing discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Under Local Civil Rule 16.1(f),

"[c]ourt-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered." See LCvR 16.1(f). Courts assess whether to grant an exception to the general prohibition on pre-conference discovery on a good-cause standard. See LHF Prods., Inc. v. Does 1-5, No. 1:17-CV-00151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017). Courts routinely find good cause to grant leave for limited pre-conference discovery to plaintiffs seeking copyright enforcement against defendants known only by IP addresses cross-referenced with relevant dates and times. Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. 2008); LaFace Recs., LLC v. Does 1-5, No. 2:07-CV-187, 2007 WL 2867351, at *1 (W.D. Mich. Sept. 27, 2007) (collecting cases where courts have found good cause to permit early or expedited discovery under similar circumstances).

The "well-established test" for determining whether plaintiff's request is permissible under these circumstances consists of five factors: "(1) a concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." LHF Prods., 2017 WL 2960789, at *1 (quoting Sony Music Ent. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). Here, all five factors weigh in favor of allowing Plaintiff to issue a Rule 45 subpoena prior to the Rule 26(f) conference.

Copyright infringement occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Therefore, the two elements of an infringement claim are: (1) ownership of a valid copyright; and (2) encroachment upon one of the exclusive rights afforded by the copyright." LHF Prods., 2017 WL 2960789, at *2 (citing Elektra Entertainment Group, Inc. v. Doe, No. 5:08-cv-1159-FL, 2008 WL 5111886 (E.D.N.C. Dec. 4, 2008) and Avtec Systems, Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994)). Plaintiff has made a concrete showing of a *prima*

*facie* claim of actionable harm based on allegations included in the Complaint as to copyright infringement. (Doc. No. 1). Plaintiff has identified 52 distinct, copyrighted works that Defendant Doe allegedly copied and distributed through a BitTorrent program. (Doc. No. 1 and Ex. A).

A request for the name and address corresponding to an individual IP address under these circumstances is sufficiently specific to satisfy the second factor. See Rotten Records, Inc. v. Doe, 108 F. Supp. 3d 132, 134 (W.D.N.Y. 2015).

Plaintiff also has shown that there is a lack of alternative means to obtain the information as to the identity of Defendant Doe. Plaintiff maintains that Defendant Doe's "name and address can be provided by Defendant's Internet Service Provider," which is generally prohibited from disclosing this identifying information without a court order under 47 U.S.C. § 551(c). (Doc. No. 1 at ¶ 12). Therefore, the request satisfies the third factor.

Defendant Doe's name and address are centrally necessary to advance Plaintiff's copyright infringement claims. Plaintiff cannot identify Defendant Doe and serve process on Doe without the information that Plaintiff seeks through this request. Therefore, the request satisfies the fourth factor.

Consideration of Doe's expectation of privacy under this analysis also supports disclosure. "Courts having examined this issue have universally held an unknown defendant's 'expectation of privacy for sharing copyrighted [materials] through an online file-sharing network are simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.'" LHF Prods., Inc., 2017 WL 2960789 at *2 (quoting Arista Records, 604 F.3d 110, 124 (2d Cir. 2010) and citing Virgin Records America, Inc. v. Doe, No. 5:08-CV-389-D, 2009 WL 700207, at *3 (E.D.N.C. March 16, 2009)). Accordingly, any minimal expectation of privacy of Defendant Doe is insufficient under the circumstances to shield Doe's identity. Therefore, all five factors

weigh in favor of allowing Plaintiff to conduct pre-Rule 26(f) conference discovery by service of a Rule 45 subpoena along with this Court order on Spectrum, Defendant Doe's ISP.

**IT IS, THEREFORE, ORDERED** that:

1. Strike 3's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED** for good cause shown pursuant to Federal Rule of Civil Procedure 26(d)(1).

2. Strike 3 is permitted limited discovery to serve a subpoena under Federal Rule of Civil Procedure 45 to Spectrum (hereinafter the "ISP") in order to determine the name and address of the Doe defendant to whom the ISP assigned the IP address 172.73.206.20. Strike 3 shall attach to the subpoena a copy of this Order. The ISP may provide a copy of the subpoena and this Order on the Defendant customer. Defendant may timely file with this Court a motion to quash or for other relief as permitted by Rule 45 of Federal Rules of Civil Procedure. If Defendant files a motion to quash or for other relief, the ISP shall preserve the requested information, but shall not send the requested information to Plaintiff until the Court resolves the motion.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

   the term "cable operator" means any person or group of persons

   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

   it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

   A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed…

by sending a copy of this Order to the Defendant.

4. Any information disclosed to Strike 3 in response to a subpoena may be used solely for the purposes of protecting and enforcing Strike 3's rights as set forth in its Complaint. All information obtained in response to this Order and Plaintiff's Subpoena shall only be used in this litigation (NCWD Civil Action No. 3:23-CV-692-MOC-SCR), and not in any other litigation, including related cases filed in this District, or for any other purpose.

5. It is further Ordered that the public dissemination of any material received in response to these subpoenas shall be prohibited.

6. Except as to necessary to comply with the provisions above, Strike 3 and the ISP receiving this Order shall not file in this case, or otherwise publish, disseminate or disclose in any other manner, the names of Defendant(s), that is, the ISP's customer(s), without first seeking and being granted leave of Court to do so.

7. The Clerk is directed to send copies of this Order to the parties' counsel <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED.**

Signed: December 19, 2023

Susan C. Rodriguez
United States Magistrate Judge